[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-12580
Non-Argument Calendar
_____

D.C. Docket No. 3:05-cr-00036-CAR-CHW-2


UNITED STATES OF AMERICA,

Plaintiff -Appellee,

versus

ANTONIO BISHOP,
a.k.a. Little Bishop,

Defendant -Appellant.


_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(February 28, 2014)

Before TJOFLAT, HULL and MARCUS, Circuit Judges.

PER CURIAM:

On January 17, 2006, Antonio Ramon Bishop pled guilty to conspiring, in violation of 21 U.S.C. § 846, to possess with intent to distribute more than 50 grams of crack cocaine, in violation of 21 U.S.C. § 841(a), and on May 30, 2006, the District Court sentenced him to a prison term of 70 months, followed by a 5-years' term of supervised release.[1]

Bishop began serving his term of supervised release on August 2, 2010. On September 9, 2011, local police arrested him and charged him with participation in a drug trafficking conspiracy. On September 22, 2011, the District Court's probation office filed a petition to revoke the supervised release on four grounds, one being his September 9, 2011, arrest. Case No. 3:05-cr-00036.

In November 2011, a federal grand jury indicted Bishop for the conduct that led to his September 9, 2011, arrest, charging him and Rasheed Scott with conspiring, in violation of 21 U.S.C. § 846, to possess with intent to distribute over five kilograms of cocaine and over 28 grams of crack cocaine, in violation of 21 U.S.C. § 841(a). Case No. 3:11-cr-00056. On April 19, 2012, Bishop, pursuant to a plea agreement, pled guilty to a superseding information in that case, which charged him with the same offense but omitted the drug quantities. In the plea agreement, the Government promised to inform the District Court at sentencing of any assistance Bishop had provided and to move for a downward departure under

---

[1] The District Court subsequently reduced his prison term to 57 months as a result of Amendment 706 to the Sentencing Guidelines.

U.S.S.G. § 5K1.1 if the assistance had concluded prior to sentencing. The plea agreement did not mention Bishop's violation of the terms of his supervised release, in Case No. 3:05-cr-00036.

On May 29, 2013, Bishop appeared before the District Court for sentencing in Case No. 3:11-cr-00056 and for the final hearing on the petition to revoke his supervised release, in Case No. 3:05-cr-00036. The court first addressed the sentencing in Case No. 3:11-cr-00056. After hearing from counsel and affording Bishop his right of allocution, the court found that Bishop was a career offender, that his Guideline sentence range called for 151-181 months' imprisonment, granted the Government's § 5K1.1 motion for substantial assistance[2] and sentenced him to a prison term of 120 months.

The court then turned to the petition to revoke supervised release, found that the conditions had been violated and that the Guideline sentence range called for 24 to 30 months' imprisonment, and sentenced him to a term of 24 months consecutive to the term of 120 months in Case No. 3:11-cr-00056. The court, noting that no "objections or contested issues" had been raised, asked the parties, "are there any objections to the sentence or the manner in which it was imposed?" With that, the following colloquy took place:

> **MR. BAKER (for Bishop):** Your Honor, I have no objections to the sentence. I would ask that the Court -- one thing that was

---

[2] Bishop cooperated in the Government's effort to bring his co-conspirators to justice.

3

not mentioned during discussion of this sentencing was that with regard to the probation revocation time -- which, of course, the Court has exercised its discretion to run consecutively -- it was an integral part of the plea negotiations in this case that, of course, the government would have no objection to running it concurrently. It is something quite obviously that is not only recommended by the commentary -- or the guidelines, but also completely in this Court's discretion to run consecutively.  But I would ask that the Court reconsider running that time concurrent based on the fact that it was part of the plea negotiations that led to a plea in this case and also, of course, the 5K developments that have substantially assisted the government since the time of the plea.

**THE COURT:** Well, I'm not exactly sure what the government's position is on this consecutive versus concurrent.

**MS. JARRETT (for the Government):** That is my fault, Your Honor. When Mr. Baker said that we had envisioned that, I should have said specifically that I do not object to Mr. Bishop's supervised release violation to be run concurrent. It was a discussion but I was concentrating more on the 5K, which is where I thought we could have the bigger impact, but the government does not object at all to the Court running it concurrent.

**THE COURT:** Well, I'll tell you how I analyzed this so you'll understand.  I gave him a substantial drop on the 5K for the indicted conduct.  But I also gave him a substantial drop, six months. I would have otherwise given him 30 months, but I gave him 24.  And, again, that's the bottom of guideline range there.  But he did violate the terms and conditions of his supervised release.  I mean, that's something independent of the crime, and so I'm going to run it consecutive.  All right.  Thank you very much.  Anything else?

**MR. BAKER:** No, Your Honor.

**MS. JARRETT:** No, Your Honor.

4

Bishop now appeals the consecutive 24 months' sentence the District Court imposed in Case No. 3:05-cr-00036, arguing that the Government breached its plea agreement promise to recommend—prior to the court's imposition of sentence—that the sentence run concurrently with the sentence in Case No. 3:11-cr-00056. He asks that we vacate that sentence and remand the case so that the Government can go forward with its promise.

We find no merit in the argument.  The prosecutor told the court—after it elicited the parties' objections—that the "government does not object at all to the Court running [the sentence in Case No. 3:05-cr-00036] concurrent."  In effect, the Government was asking the court, while it still had the two cases before it, to consider making the sentences run concurrently.  And the court entertained the request, but rejected it and stated why.  If the Government breached the plea agreement, the breach was cured.

AFFIRMED.